FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2013 MAR 13 PM 2:49

CLERK OF COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES BOSWELL, | § | |
| | § | |
| Plaintiff | § | |
| v. | § | Civil Action No. 4-13CV-208 Y |
| | § | |
| VICTOR J. BOSCHINI, JR., CHANCELLOR OF TEXAS CHRISTIAN UNIVERSITY, MR. CLARENCE SCHBAUER III, CHAIRMAN OF THE BOARD OF TRUSTEES, ROBERT GINSBURG, ATTORNEY FOR TEXAS CHRISTIAN UNIVERSITY, LAW FIRM OF MCDONALD SANDERS, TEXAS CHRISTIAN UNIVERSITY, BOARD OF TRUSTEES, TEXAS CHRISTIAN UNIVERSITY, | § | |
| | § | |
| Defendant | § | |

**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Victor J. Boschini, Clarence Schbauer, III, (correctly named Clarence Scharbauer, III) Robert Ginsburg, Law Firm of McDonald Sanders (correctly named, McDonald Sanders, P.C.), Board of Trustees, Texas Christian University,[1] and Texas Christian University file this notice of removal.

1. The Defendants in this action are Defendants in a civil action pending in the District Court for the 17th Judicial District, Tarrant County, Texas, under the name and styled *James Boswell, Plaintiff v. Victor J. Boschini, Jr., Chancellor of Texas*

---

[1] To the extent the Board of Trustees, Texas Christian University, is a separately suable legal entity, which Defendants deny, the Board joins in the removal of this action. Defendants expressly reserve and do not waive their right to assert that the Board of Trustees of Texas Christian University is not a separately suable legal entity in this case.

*Christian University, Mr. Clarence Schbauer III Chairmen of the Board of Trustees, Robert Ginsburg, Attorney for Texas Christian University, Law Firm of McDonald Sanders, Texas Christian University, Board of Trustees, Texas Christian University, Defendants*, Civil Action No. 017-264176-13. Defendants desire to exercise their rights under the provisions of Title 28 U.S.C. § 1331 and § 1441, *et seq.*, to remove this action from the 17th Judicial District, Tarrant County, Texas, to the United States District Court for the Northern District of Texas.

2. A copy of all process, pleadings, and the orders served upon Defendants in the state court action is attached to and being filed with this notice as required by 28 U.S.C. § 1446(a). As required by Local Rule 81.1(a), Defendants attach to this Notice as Exhibit A an index of documents referring to each document filed in the state court, except discovery material. Exhibit 1 attached is the state court docket sheet, and Exhibits 2-9 attached are the pleadings process, orders, and letters in the district court.[2] As required by Local Rule 81.1(a)(3), a copy of Defendant's Notice of Related Cases is attached as Exhibit 10, and as required by Local Rule 81.1(a)(4)(D), a copy of Defendant's Certificate of Interested Persons is attached as Exhibit 11.

3. This action was commenced on February 11, 2013. *See* Ex. 1.[3] Plaintiff served Defendants[4] on February 14, 2013. *See* Ex. 4-8. Therefore, this notice of

---

[2] Under Rule 78a, Texas Rules of Civil Procedure, a Civil Case Information Sheet must accompany a petition filed in state district court. According to Rule 78a, this sheet is for administrative and statistical purposes, and the state court clerk has not made this document available to Defendants, despite their request.

[3] Each page of the Exhibits attached to this Notice of Removal has been sequentially Bates numbered in the lower right-hand corner of each page. Therefore, a reference to a page within the Exhibits to this Notice is to the specific Bates page number in the lower right-hand corner of that page, and in some cases a reference to a paragraph number on that page is also provided. For example, a cite to Ex. 2,

removal is timely filed under 28 U.S.C. § 1446(b) within 30 days of receipt of the initial pleading setting forth the claim for relief.

4. This action presents a federal question. This Honorable District Court of the United States has original jurisdiction over this action because causes of action as plead in Plaintiff's Original Petition substantially arise under the laws and Constitution of the United States as provided in 28 U.S.C. § 1331. Specifically, Plaintiff asserts claims under the following laws of the United States: (i) Age Discrimination in Employment Act ("ADEA")[5]; (ii) Whistleblower Protection Enhancement Act of 2012 provisions of the American Recovery and Reinvestment Act of 2009;[6] (iii) Title VII of the Civil Rights Act of 1964,[7] (iv) 20 U.S.C.A. §1034, [8]and (v) the First Amendment to the U.S.

---

Original Petition, p. 2 is a cite to Exhibit 2 to this Notice, which contains the Plaintiff's Original Petition, and to the page of that Petition which has Bates number 2 on the lower right hand side.

[4] To the extent the Board of Trustees of Texas Christian University, is a separately suable legal entity, which Defendants deny, the Board does not dispute service of process in this case occurred on February 14, 2013. However, Defendants expressly reserve and do not waive their right to assert that the Board of Trustees of Texas Christian University is not a separately suable legal entity in this case.

[5] See Exhibit 2, Plaintiff's Original Petition, pages 004, 016, 019, ¶ 5, ¶ 23, ¶ 30. The ADEA is a federal statute at 29 U.S.C.A. §621 et seq. The ADEA provides that "[a]ny person aggrieved may bring a civil action in any court of competent jurisdiction." 29 U.S.C.A. § 626(c)(1) (West). ADEA actions are removable. *Baldwin v. Sears, Roebuck & Co.*, 667 F.2d 458, 461 (5th Cir. 1982).

[6] See Exhibit 2, Plaintiff's Original Petition, pages 004, 010-012, 023 ¶ 5, ¶ 10-13, ¶ 36. With respect to Plaintiff's whistleblower claims under the American Recovery and Reinvestment Act of 2009 ("ARRA"), section 1553(c)(3) of the ARRA provides that once a complainant has exhausted all administrative remedies, the complainant "may bring a de novo action ... in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy." Publ. L. No. 111-5 §1553 (2009).

[7] See Exhibit 2, Plaintiff's Original Petition, page 019, ¶ 29. Title VII of the Civil Rights Act of 1964 provides that "[e]ach United States district court [...] shall have jurisdiction of actions" brought under Title VII. 42 U.S.C. 2000e-5(f)(3). Title VII actions are removable. *McCoy v. National Railroad Passenger Corp.*, 315 F. Supp. 2d 658, 659 (E.D. Penn. 2004); *Cassel v. Webco Industries, Inc.*, 942 F. Supp. 1409 (N.D. Ok. 1996).

[8] See Exhibit 2, Plaintiff's Original Petition, page 009, ¶ 9.

Constitution.[9] Consequently, this Honorable Court has original jurisdiction over Plaintiff's claims.

5. Although Plaintiff appears to plead additional state law claims, Plaintiff's action is removable as it necessarily involves substantial application and interpretation of federal law, such that Plaintiff's claims "will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another." *Gully v. First Nat'l Bank,* 299 U.S. 109, 112 (1936). This Honorable Court has supplemental jurisdiction over those additional state law claims pursuant to 28 U.S.C. § 1367.

6. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending.

7. The Defendants will promptly give Plaintiff, the adverse party, written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). The Removing Defendants will promptly file a copy of this Notice of Removal with the Clerk of the District Court for the 17th Judicial District, Tarrant County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants in this action, pursuant to the statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, remove the case styled *James Boswell, Plaintiff v. Victor J. Boschini, Jr., Chancellor of Texas Christian University, Mr. Clarence Schbauer III Chairmen of the Board of Trustees, Robert Ginsburg, Attorney for Texas Christian University, Law Firm of McDonald Sanders, Texas Christian University, Board of Trustees, Texas Christian University, Defendants,*

---

[9] See Exhibit 2, Plaintiff's Original Petition, page 017-019, ¶ 27-28.

Civil Action No. 017-264176-13 from the District Court for the 17th Judicial District, Tarrant County, Texas.

Respectfully submitted,

Rory Divin
State Bar No. 05902800

MCDONALD SANDERS, P.C.
777 Main Street, Suite 1300
Fort Worth, Texas 76102
(817) 336-8651
(817) 334-0271 Fax
rdivin@mcdonaldlaw.com

ATTORNEY FOR DEFENDANTS

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document, and its attachments, were sent via certified mail, return receipt requested, to Plaintiff this 13th day of March, 2013.

James Boswell
Pro Se
414 Morrison Drive
Euless, Texas 76039

Rory Divin

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES BOSWELL,<br><br>Plaintiff<br>v.<br><br>VICTOR J. BOSCHINI, JR., CHANCELLOR OF TEXAS CHRISTIAN UNIVERSITY, MR. CLARENCE SCHBAUER III, CHAIRMAN OF THE BOARD OF TRUSTEES, ROBERT GINSBURG, ATTORNEY FOR TEXAS CHRISTIAN UNIVERSITY, LAW FIRM OF MCDONALD SANDERS, TEXAS CHRISTIAN UNIVERSITY, BOARD OF TRUSTEES, TEXAS CHRISTIAN UNIVERSITY,<br><br>Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. ______________ |

**INDEX OF EXHIBITS ATTACHED TO NOTICE OF REMOVAL**

As required by Local Rule 81.1, the following is a list of the exhibits (other than discovery materials) either filed in State Court or attached to the Notice of Removal for other purposes:

| Exhibit | Page Nos.[1] | Document Name | Date Filed in State Court |
|---|---|---|---|
| 1. | 0001 | State Court Docket Sheet | March 13, 2013 (date obtained from court) |
| 2. | 0002 - 0031 | Plaintiff's Original Petition | February 11, 2013 |
| 3. | 0032 | Citation - McDonald Sanders, P.C. | March 8, 2013 |

[1] Each page of the exhibits has been sequentially numbered on the lower right hand side of the page.

EXHIBIT
tabbies
A

| Exhibit | Page Nos.[1] | Document Name | Date Filed in State Court |
|---|---|---|---|
| 4. | 0033 | Citation - Robert L. Ginsburg | March 8, 2013 |
| 5. | 0034 | Citation- Texas Christian University | March 8, 2013 |
| 6. | 0035 | Citation – Clarence Scharbauer, III | March 8, 2013 |
| 7. | 0036 | Citation – Victor J. Boschini, Jr. | March 8, 2013 |
| 8. | 0037 | Citation – Board of Trustees of Texas Christian University | March 8, 2013 |
| 9. | 0038 - 0044 | Defendant's Original Answer | March 8, 2013 |
| 10. | 0045 - 0047 | Notice of Related Cases | N/A |
| 11. | 0048 - 0050 | Defendant's Certificate of Interested Persons | N/A |

Respectfully submitted,

Rory Divin
State Bar No. 05902800

McDonald Sanders,
*A Professional Corporation*
777 Main Street, Suite 1300
Fort Worth, Texas 76102
(817) 336-8651
(817) 334-0271 Fax
rdivin@mcdonaldlaw.com

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been sent by certified mail, return receipt requested, to Plaintiff on this 13th day of March, 2013.

James Boswell
Pro Se
414 Morrison Drive
Euless, Texas 76039

Rory Divin

1

# Civil Docket    Discovery: 3    017-264176-13

Cause Of Action: OTHER CIVIL, TORTIOUS INTERFERENCE

| | NAMES OF PARTIES | ATTORNEYS |
|---|---|---|
| Date Filed 02/11/2013 | JAMES BOSWELL | BOSWELL, JAMES<br>414 MORRISON DR |
| Jury Fee $ | vs. | EULESS, TX 76039<br><<< PRO SE >>> Ph (817)896-4137 PLTF |
| Paid By | VICTOR J. BOSHINI, JR., ET AL | |

| Date of Orders | ORDERS OF COURT | Was Steno Used? |
|---|---|---|
| | | |

EXHIBIT 1

017-264176-13

A CERTIFIED COPY
ATTEST: March 13, 2013
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: Angela Mendez
DEPUTY
ANGELA MENDEZ

2

FILED TARRANT COUNTY 2013 FEB 11 P 1:06 THOMAS A. WILDER

**IN THE TARRANT COUNTY DISTRICT COURT OF TEXAS**

**FORT WORTH TEXAS**

**DISTRICT COURT** 17th

**Civil Action No.** 017 264176 13

**JAMES BOSWELL**

**§**

**Plaintiff,**

**v.**

**Victor J. Boshini, Jr. Chancellor of Texas Christian University**

**Mr. Clarence Schbauer III, Chairmen of the Board of Trustees**

**Robert Ginsburg Attorney for Texas Christian University**

**LAW Firm of McDonald Sanders**

**Texas Christian University**

**Board of Trustees, Texas Christian University**

Defendant.

**PLAINTIFF'S ORIGINAL PETITION**

COMES NOW, James Boswell (hereinafter referred to as "Plaintiff") complaining of Victor J. Boshini, Jr Boshini, Jr. Chancellor of Texas Christian University; Mr. Clarence Schbauer III, Chairmen of the Board of Trustees;

EXHIBIT 2

Robert Ginsburg Attorney for Texas Christian University; LAW Firm of McDonald Sanders, Texas Christian University; Texas Christian University and Board of Trustees, TCU the above named individuals and entities hereinafter referred to as "Defendant"), and for such cause of action, would respectfully show unto the Court and jury as follows:

## I. DISCOVERY CONTROL PLAN

**Plaintiff hereby moves to conduct discovery in accordance with a discovery control plan tailored to the circumstances of this specific suit. In the interest of judicial economy and equity, Plaintiff moves to conduct discovery by Court Order (Level 3) in accordance with Texas Rule Civil Procedure 190.4. Such a plan would provide all parties a more adequate time for oral depositions, interrogatories and other necessary stages of discovery.**

## II. PARTIES

1. James Boswell is plaintiff and resides in Tarrant County, Texas.

2. Defendant Texas Christian University is a state education entity. Defendant is considered an agency and respondeat superior. When it is alleged that Defendant did any act or thing, it is meant that Defendant, itself or agents, officers, servants, employees or representatives did such act or thing and it was done with the full authorization or ratification of the Board of Trustees. Service of process may be had upon Defendant by serving

process upon McDonald Sanders 777 Main Street, suite 1300, Ft Worth Texas 76102

## III. VENUE AND JURISDICTION

3. Venue is proper in Tarrant County, Texas, in that the incidents that form the basis of this cause of action accrued in Tarrant County, Texas.

4. Jurisdiction is invoked in order to secure protection of and to redress deprivation of rights secured by the Texas Commission on Human Rights Act (TCHRA) (Labor Code Chapter 21) which provides legal damages both general and punitive, injunctive and other relief against age, disability, national origin, race, religion, sex and retaliation discrimination in employment. At all relevant times, Defendant has been an employer within the meaning of the Texas Commission on Human Rights Act as amended. TCHRA section 21.254 grant an individual right to sue to a "complainant". A "complainant" is "an individual who brings an action or proceeding under this chapter." TEX. LAB. CODE § 21.002(4) and .TEX. LAB. CODE § 21.254.

## STATEMENT OF THE CASE

5. **a.** This is a retaliation case based on opposing the discrimination statutes pursuant to Section 21.051 et seq. of the Texas Labor Code, **b.** Federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, and Chapter 21 of the Texas Labor Code. **c.** Plaintiff brings this tort action under the Tort for Interference with Contract and Prospective

Economic Advantage; **d.** The Whistle Blower Enhancement ACT of 2012, the American Recovery Act of 2009, and the Texas Whistle Blower Act per Tex. Gov't Code Ann. § 554.001 -10; **e.** Texas labor law Constitutional Violations and Blacklisting, Tex. Lab. Code § 52.031, § 103.001-05.

**BACK GROUND – PAST DISCRIMINATION**

6. No one may "blacklist" an employee, cause an employee to be blacklisted, or otherwise conspire in any way to prevent a former employee from getting another job. TCU past discrimination record to silence employees and leaving them vulnerable to reprisal and due process violates Texas Law and 10 U.S.C.A. & 1074. It is alleged that TCU attorney has violated the Texas Disciplinary Rule for Professional Conduct on multiple accounts by committing gross negligence and through participation in lies, fraud and deceit. This is comparable to a RICO white collar crime and it is separate from a bad business deal. For example, Texas Disciplinary Rule of Professional Conduct 4.04 forbids presentation of charges to gain such advantage. **The Dean** requested Plaintiff's removal from TCU. The charges were sufficient to allow the reporter of the offense to report to the hospital while at minimum four conspirators 1) person who allegedly raped the female ROTC cadet 2) the supervisory responsible for TCU student and employee discrimination based on race, and 3) the University Dean who also benefited from misapplication of fiduciary property, Texas Law 32.45 and 4) the attorney all retained their positions as the plaintiff – the whistle blower

and family suffered – another fact issue. Mr. Ginsburg letter to plaintiff dated 10 December 2012 is alleged to violate TEX. LAB. CODE § 21..004 CRIMINAL OFFENSE OF INTERFERENCE; PENALTY. (a) A person commits an offense if the person willfully resists, prevents, impedes, or interferes with the performance of a duty under or the exercise of a power provided by this chapter. The question for this court is "Is dealing with criticism in this way best for our country? Troublesome? His exercise of power to provide law enforcement notice for trespass and to blackball plaintiff from seeking employment and remedy for past discrimination must be a fact in dispute for trial and/or mediation. It gives an appearance that the entire firm acted, knowingly, with a conscious failure to act, with conscious indifference creating a fact issue on encouragement for alleged violation of SUBCHAPTER B. UNLAWFUL EMPLOYMENT PRACTICES which covers "limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee. Sec. 21.056. Defendant is liable for Aiding and abetting discrimination.

## IV. FACTS

7. The Texas Whistle Blower Act defines the university as a state entity and a "law" as a state or federal statute, and rules as policy of the local governmental entity, and an "appropriate law enforcement authority" as the ones plaintiff went to, in good faith, to authorized to "regulate under or

enforce the law alleged to be violated in the report" or "investigate or prosecute a violation of criminal law." Tex. Gov't Code Ann. § 554.002(b) (Vernon 2004). Plaintiff was a public employee during plaintiff's WBA complaint to the authorities, April 2, 2012, in an education institution in the State of Texas and was subject to Texas State Whistle Blower law, was wrongfully terminated (in litigation). Plaintiff had positive vision that TCU would be remorse and not take action to defeat affirmative action for past discrimination. Plaintiff sought restoration of employment at TCU where he was also terminated, but vindicated. Plaintiff had a packet on TCU which would persuade a reasonable person that TCU had harmed Major Boswell and family and believed that this harm over twenty seven year period constituted systemic discrimination and good cause for the government to recover funds per the American Reinvestment and Recovery Act of 2009. TCU had harmed several TCU ROTC students and TCU employees. This was sufficient to show Plaintiff's opposition to discrimination statutes. When the TCU provided Defendant's letter of retaliation, dated December 10, 2012 this gave a present current actionable effect and merely another pretext for failing to disclose and mirror the federal agency reinstatement of the whistle blower. 8. The TCU letter was merely a continuation of previous reprisal action. This law suit makes reference to the TCU Faculty/Staff Handbook, policy, procedure, and Human Resources Department policy and philosophy including that the learning community is dedicated to ethical leadership and

to the University's mission: To educate individuals to think and act as ethical leaders and responsible citizens in the global community and that hiring and retaining excellent employees is paramount to the University's future achievement. "To remain a nationally ranked institution, TCU must be committed".

9. This is also a whistle blower case seeking clarity in relief and the compensatory damages allowed under the Whistle Blower Enhancement Act of 2012. This act or the Texas 's equivalent protect from the protected disclosures to the authorities and provides new and additional relief for the causation retaliation effort designed for punishment and additional harm from reporting findings to the Office of the Inspector General for the Secretary of Education and report of TCU fraud waste and abuse, April 2, 2012 and November 20, 2012. Plaintiff James Boswell has prevailed with Administrative Law Appeals in an action dated 16 December 1998 which adjudicated a performance appraisal rendered annually while assigned as a full time TCU employee receiving faculty benefits, in his assignment for ROTC duty, Cadet Command. While a TCU employee, plaintiff was victim of TCU retaliation and past discrimination. Past Discrimination is now a fact issue, not to prove it but to show that Plaintiff opposed TCU patter of impropriety and lack of integrity and that due to TCU's harm, it is reasonable to conclude that plaintiff is suffering from Post Traumatic Stress Syndrome. The letter provided by TCU dated 10 December 2012 has the current effect of

depriving plaintiff of loss of liberty and pursuit of happiness and adjudicating issues concerning retirement benefits and related privileges earned while a full time TCU employee. TCU's action may be considered outrageous and explosive to the law profession. The attorney orders silence from communicating with the Trustees and essentially impedes any action for employment based on age and the April 2012 whistle blower action. The law firm violated 10 U.S.C. 1034 and DOD Directive 6490.1 mental health evaluation. Plaintiff wished for consideration of any benefits accrued. Plaintiff's letter to TCU dated November 21, 2012 quotes "past and current discrimination".

10. TCU response was an impermissible factor and motivating factor in an employer's discriminatory decision, not necessarily the most important factor to black ball plaintiff from all TCU premises. The court is requested to determine whether this State entity has violated the constitution of the State of Texas; whether the TCU letter serves purpose as provides as a deterrent to whistle blowing "keep your mouth shut"; whether it violates the whistle blower federal and state law; and serves as an economical advantage based on deceit and not truth. Plaintiff's protected disclosures concerning the TCU packet (including 15 student and employee affidavits) is evidence which may support a finding of systemic discrimination and that plaintiff opposed discrimination of the State of Texas statutes. TCU's claim and actions alluding to "that Plaintiff is suicidal and suffers disillusionment, should be

stripped of duties" is considering that the education funds status of at least $ 6 million dollars per year for twenty seven years should receive a Texas whistle blower audit. TCU's "not to help but to discredit" conduct places doubt on the compliance paperwork for acceptance of funds of 162 million dollars. If it may be shown that state entities continue to retaliate, via the subject of a Texas Work Force and Texas Commission on Human Rights investigation, then remedy may include the recover of funds by the Inspector General investigation subject to the provisions of American Recovery and Reinvestment Act of 2009 and the Whistle Blower Enhancement Act of 2012. It was a significant finding when the DOD Inspector General found retaliation, as a result of the military whistle blower reprisal investigation.

11. Plaintiff was a federal employee on active duty with the assignment at Texas Christian University.

> **"If whistle blower retaliation is found, the agency would be required to take corrective action, which would include reasonable attorney's fees and any other reasonable costs incurred, and could include back pay and related benefits, travel expenses, and compensatory damages not to exceed $300,000"**

Proof is requested of the Trustees acknowledgment of the agency adverse finding of retaliation. TCU's December 2012 letter essentially declares that plaintiff is not employable. Defendant is an "employer" as that term is defined in Section §21.002(8) of the Texas Labor Code. Defendant still has oversight responsibility for ROTC cadets. At the time of the Plaintiff's

protected disclosures to law enforcement authorities, Plaintiff was employed in an Army ROTC Contract. Cadet command provides current certification for being qualified as an ROTC Instructor. Plaintiff continued to learn about and to be witness to evidence that deprives students from a quality education, information which warrants full disclosure and supplement to the DOD Inspector General Whistle Blower Investigation findings. TCU had the obligation and authority to also correct another career of a black sergeant who lost everything because he attempted to expose the official misconduct and employment corruption. TCU action in good faith has the meaning for preservation of life, liberty and pursuit of happiness. The DOD IG investigation was a saving grace for plaintiff. It protected the employee who had duty and obligation to comply with statutes and to protect TCU students and other employees for sexual exploitation and racial discrimination.

12. The TCU case earned legislative oversight as proclaimed by Senator Sam Nunn "Mr. Boswell's case merits careful review and serious consideration in light of the strong public policy against whistle blower retaliation". The affidavits and protected disclosures concerning discrimination, violations of state and federal statutes, and the cover up of conspiracy effort concerning the TCU instructor having sex with an ROTC cadet, deprive females and minority students from equal opportunity, and a promised quality education. White cadets received favoritism while black cadets were victims of prejudice. Assigning plaintiff in an oversight position

at TCU could eliminate the impropriety concerning the issuance of Officer Commissions and concerning compliance and fund accountability. The 15 affidavits provided to the OIG in April 2012 and November 2012 written by former TCU employees Lieutenant Colonel Bright and others address criminal activity and is a fact issue concerning TCU misconduct and factor to continue to harm plaintiff and family. The latest TCU retaliation order has the effect of state education approval to deter state and defense contract employees from providing a discrimination complaint or report concerning waste, fraud and abuse.

13. The TCU letter appears as contempt for the Whistle Blower Enhancement ACT of 2012. Plaintiff notes the Education Industry targets whistle blowers, through oppression and suppression of evidence, which accounts for obstruction for the recovering billions of education dollars otherwise collectable through the American Recovery and Reinvestment Act of 2009. Texas Christian University's letter to immediately cease and desist communications with TCU and TCU imposition of the no-trespass notice to the Chief of Police serve as a deterrence for current and former employees to prepare a whistle blower complaint.

14. This action supports Plaintiff's alleged fraud claim against the TCU attorney firm, and having knowledge of non compliance concerning the acceptance of funds, and participating in the aiding and abetting of criminal actions such as the sexual assault of the ROTC cadet reported by plaintiff at

TCU. Plaintiff's honorable service, achievements and experience in five Army Divisions and at the Supreme Allied Command Europe has provided the confidence to request a fair and impartial investigation and to request an audience with the Board of Trustees. Plaintiff regrets that the McDonald attorney law firm does not see the firm's letter as a violation of the Texas Rules of Professional Conduct while the firm continues to withhold material facts subject to due process by the TCU Board of Trustees.

15. While we can not take back the clock, one must question's TCU support for Affirmative Action and Equal Opportunity and the rationale for not accepting the Trustees recommendation by Colonel Don Ezell USMC Retired Colonel. As a Military officer under oath, Plaintiff paid an exceptional price for upholding the laws of the constitution.

16 Texas Christian University and United States Army Cadet Command at the time of plaintiff's employment are in a Department of Defense contact agreement. This suit will show Texas Christian University and the law firm of McDonald Sanders continued retaliation and suppression of evidence since November 18, 1987 to December 10, 2012, discrimination in violation of this contract. Plaintiff alleges this retaliation represents non compliance and the fraudulently acceptance of federal and state money in violation of Public Law 111-5 & 1553 (a) (Feb. 17, 2009).

**Plaintiff filed Whistle Blower complaints:**

17. On April 2, 2012 Major Boswell writes to the Secretary of Education, "As the victims in the Penn State scandal, it takes time for truth to be revealed. The ROTC cadet at Texas Christian University should be compensated. This would bring justice, integrity and closure to a dark page in TCU and ROTC Cadet Command history. The victim statements are attached in the TCU file".

18. On April 2, 2012 plaintiff's whistle blower complaint addressed the responsible entities who violated the State and Federal Entities, including TCU. The report was addressed to multiple authorities. Plaintiff Exhibit A, shows a letter was sent to US Department of Education and to the Texas Rangers. The whistle blower complaint included violations of Discrimination statutes, education fraud and abuse under the provisions of the American Recovery and Reinvestment Act of 2009, Texas Law 32.45 (misapplication of fiduciary property), and official misconduct, and reasons that employees have a fear of reprisal. Plaintiff identified violations similar to what is included in the Penn State report concerning the governance of University Trustees, official misconduct, violations of § 573.002 nepotism provisions, due process concerning grievances, conflicts of interest, removal of education whistle blowers for opposing discrimination and refusing to violate law concerning cheating on TAKS.

19. On 11 April 2012, Plaintiff interviewed with the Director of the Texas Rangers. (See Discovery, memorandum of record, plaintiff Exhibit A,

reference e, page H 23). Ranger Hank Whitman expressed patriotic respect for one of the more notorious TCU alumnus's, Don Ezell, Colonel USMC Retired. The Director acknowledge receipt of the employment packet and showed interest in the USMC retired Colonels letter to the Chairman and Members of the Board of Trustees, Texas Christian University. Whether this letter was sent to each member of the Board is a material fact. The letter in question is on page F203 -F204, and it states in conclusion "I recommend that Texas Christian University recognize and bear responsibility for these wrongful actions and bring this case to satisfactory closure".

20. On April 12, 2012. Plaintiff was interviewed by a Ranger Agent of the Midland Office concerning being a witness to allegedly unlawful fraud, waste and abuse. A electronic copy of the TCU packet was provided, on request.

21. On November 20, 2012, plaintiff provided the Office of the Inspector General, Secretary of Education, an official Whistle blower complaint using the form for whistle blower reprisal claims related to education funds provided under the provisions of the American Recovery and Reinvestment Act (ARRA) of 2009, advocating investigation concerning federal and state money acceptance by fraudulently means.

22. On 21 November plaintiff provided the letter to TCU and the whistle blower report.

23. On December 12, 2012 plaintiff received McDonald Sanders, A Professional Corporation, Attorneys At Law letter via certified letter.

24. Plaintiff's whistle blower complainant on December 20, 2012, and January 24, 2013, makes references to the Sunset Advisory Commission Staff Report, Texas Education Agency dated October 2012. Plaintiff provides proof of TEA sanctions, including a financial report, and memorandum from a state entity Chief of Staff illustrating unlawful activity and potential fraud as he writes: "a position not best for them or legally defensible". Plaintiff's allegations against TCU reveal retaliation and provides rationale to recover federal funds in accordance with the ARRA. The whistle blower actions was a major factor for twenty seven years of discrimination and current retaliatory act to ban the former employee from property. Plaintiff is a Vietnam Era Veteran of Age 62.

25. The Defense Contractor ROTC Cadet Command trusted plaintiff in two respective assignments to supervise ROTC cadets: At TCU, plaintiff assumed the role of executive officer with the supervisory role over approximately one hundred (100) cadets. While a state employee in ECISD, at the time of plaintiff's whistle blower complaint April 2 2012 against TCU and ECISD plaintiff was responsible for the Senior Army Instructor for one hundred forty two (142) cadets.

26. One of the TCU Professor of Military Science first orders was to refuse equal treatment to Black cadets and to black Military instructors. The DOD

IG response concerning the 22 Army IG allegations was that "Mr. Boswell's actions are not in dispute". This statement and the resultant award for back pay and four years of constructive credit provides a high degree of validity that TCU officials embarked on a continuous pattern of discrimination against employees under their supervision and control who were of African American heritage. Plaintiff only shows the past discrimination to show that he opposed discrimination and continues to be retaliated.

## V Constitutional Challenges

27. Texas Christian University's letter blackballs plaintiff from employment and determining right of privileges concerning reinstatement. An allegation of unconstitutional application of a statute must first be raised in the trial court. In plaintiff's case, TCU abuses its authority and arbitrarily embarks on the Texas criminal-trespass statute. It is unconstitutional on its face. The statute is over broad because it encompasses public universities and permits university officials to ban persons from campus for no reason or unconstitutional reasons. A statute may be over broad if it tramples on the First amendment rights. It sweeps within its scope a wide range of both protected and non-protected expressive activity. In this case the statute is applied without due process. Where it is understandable the criminal-trespass statute is clearly designed to punish activities that are not constitutionally protected, in this case plaintiff alleges to TWC and TCHRA that his speech is wrongfully suppressed. Plaintiff was a victim of

discrimination because of his viewpoints for opposing discrimination. He has suffered from being a whistle blower and from a similar TCU cease and desist order for twenty-seven years.

28. This order proposes by its terms, that it requires a grievant to obtain approval for expressive or communicative conduct on the university campus. Defendants must disclose a legitimate government compelling interest to exclude a person from its campus. Complainant has a constitutional right to be treated the same as an other TCU veteran or alumni. These rights are violated due to the enforcement of an unconstitutional statute. This puts the potential deprivation of a right protected by the First Amendment in issue. This statute, as written, allows a university to punish the whistle blower or grievant for complaining about a discrimination charge and it serves as a deterrence for reporting law breaking and corruption and thereby can breed fraud. The Texas statute does not grant such unfettered discretion to those enforcing the statute. If TCU was to agree to plaintiff's views, as described in his letter dated November 21, 2012, plaintiff would be on the Board of Trustee Agenda. Corporation could have included team work and fairness to avoid public interest and criticism of Trustee Governance as describe in the 217 page PENN State scandal report. It is probable that at least a minority of the Board would consent to all TCU victim employees and students be compensated because of corrupt practices authenticated by affidavits to law enforcement agency. In short, discovery will determine the legal sufficiency

of the evidence provided to the Texas Rangers and to the Inspector General to recoup funds. Plaintiff alleges TCU applies this statute unlawfully and TCU uses this statute for a tool and primary purpose of suppressing speech.

## VI. DISPARATE TREATMENT BASED ON RACE

29. TCU cadets and Cadre received disparate treatment because of race. Such actions violate Section 21.051 of the Texas Labor Code and the **Civil Rights Act of 1964.** As a direct result of reporting this disparate treatment, Plaintiff has suffered the December 10, 2012 retaliation letter and he continues to be treated differently and subject to TCU's malice and is entitled to recover damages from Defendant.

## VII. DISPARATE TREATMENT BASED ON AGE, AGE DISCRIMINATION AND TCU POLICY VIOLATIONS

30. Per the TCU handbook, Plaintiff is eligible for a fair reading of the whistle blower reinstatement under the Whistle Blower Enhancement Act and retirement "qualifying events" from TCU'S HANDBOOK. It is alleged that TCU violated the Amendment to the Age Discrimination in Employment Act of 1975, which became effective January 1, 1994, by depriving Plaintiff from a reasonable request to visit the Board of Trustees concerning the whistle blower and discrimination statutes and from assistance for the available privileges and benefits available due to age, age 62 and what may be subject to the whistle blower reinstatement. TCU miscalculated and then

violated Tex. Labor Code §§ 21.051, 21.052, 21.053, 21.054; TCHRA's employment provisions make it illegal for an employer to deny employment to or otherwise discriminate in the terms, conditions or privileges of employment against an individual on the basis of a past, current or perceived disability. Unlawful discrimination includes limiting, segregating or classifying an employee or job applicant in a manner that deprives or tends to deprive an individual of an employment opportunity or adversely affects in any other manner the status of an employee.

31. TCU ordered Plaintiff for psychiatric evaluation at the Navy Air Station, Ft Worth Texas, after plaintiff reported TCU official (s) violation of policy including: Policy 2.070 Conflict of Interest, Policy 2.005 and 2.010 Performance Evaluation, Policy 1.005; policy 2.016 concerning Conflict Resolution, Mediation and Chancellor Review, and due process concerning TCU Board Governance, and on all matters pertaining to the University's non-discrimination policy, retaliation and compensation issues such as Policy 6.005 Tuition Assistance; Concerning Discrimination and Harassment; policy 1,001 Affirmative Action and Equal Opportunity Policy, the statement by the TCU ROTC female cadet page 15 -16 of the TCU packet provided to state and federal authorities, on or about April 12, 2012 and the TCU required polygraph examination, a copy which was provided to plaintiff, raises a fact issue. TCU Sexual Harassment Policy is clear on the prohibition of retaliation for filing a complaint against sexual harassment and topics of

unwelcome sexual advance, submission to or rejecting sex, hostile environment, and the unlawful and breach of professional ethics even when sex is consensual and on retaliation for opposing violations of Title VII and Title IX.

## VII. DISCRIMINATION

32. This is a lawsuit in law and equity authorized and instituted pursuant to the Texas Commission on Human Rights Act (Labor Code Chapter 21). All conditions precedent to jurisdiction under the Texas Commission on Human Rights Act, as amended, have occurred or have been complied with, to wit: A charge of employment discrimination was filed on February 11, 2013 jointly with the TWC and the Texas Commission on Human Rights (hereinafter "TCHR") also known as the Texas Workforce Commission Civil Rights Division ("TWCCR") within 180 days of the commission of the unfair employment practices per Texas Law. Tex. Lab. Code § 21.001, et. seq. authorizes The Texas Workforce Commission's Civil Rights Division (the Commission) to enforce employment rights in the workplace. Retaliation against an employee for opposing a discriminatory practice or participating in the filing or prosecution of a charge against an employer is also prohibited. Plaintiff files his charge on the basis of age (40 or older) per the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, and Chapter 21 of the Texas Labor Code protect individuals over the age of 40 from discrimination in employment and shows opposition to TCU

discrimination concerning race and sex. The Texas Workforce Commission (TWC) has the authority to investigate and issue orders and assess an administrative penalty against an employer if it determines that the employer acted in bad faith. Denying an opportunity to be on the Board agenda for the reasons stated in Plaintiff's November 21, 2012 letter gives an appearance that TCU is in violation of their own policies, as quoted.

33. The Attorney General of Texas may bring an injunctive action. Furthermore, an employer who intentionally fails to follow the rules may face third-degree felony charges and penalty with regard to abuse of discretion and disparate treatment. Plaintiff has concerns with the application of the criminal trespass and accommodation statutes. When TCU allows another person to enter TCU property, one who does not oppose TCU violations to discrimination regarding the statutes, with or without effective consent, this action is considered to be knowingly, intentionally, and/or recklessly applied.

34. As a result of Defendant's actions, Plaintiff has suffered loss of income and loss of career opportunity. Plaintiff has experienced humiliation and mental anguish and will, in reasonable probability, suffer from the same in the future. Plaintiff has incurred medical expenses and will incur medical expenses in the future. All of said damages exceed the minimal jurisdictional limits of the Court. These damages are continuing at the time of the filing of Plaintiff's Petition. Defendant's actions were carried out with a conscious disregard of the Plaintiff's rights and with the intent to vex, injure,

or annoy Plaintiff such as to constitute oppression, fraud, or malice thereby entitling Plaintiff to exemplary and/or punitive damages.

## VIII. RETALIATION

35. This is a lawsuit in law and equity authorized and instituted pursuant to the Texas Commission on Human Rights Act (Labor Code Chapter 21). Plaintiff filed charges on April 2 2012 to the Texas Rangers and November 20, 2012 plaintiff filed charges with the OIG, Secretary of Education. The state entity and violation of Search And Seizure, Tex. Civ. Prac. & Rem. § 124.001 and invasion for privacy is the type of outrageous conduct plaintiff was victim to escalating reasons for damages. Texas law provides that individuals may recover damages for invasion of privacy.

## IX. Whistle Blower Violations

36. The Whistle Blower Enhancement Act provides compensatory damages for prevailing whistle blowers under WPA cases that prevail after an administrative hearing, (Sec. 107(b)), including retaliatory investigations (Sec. 104(c)). Plaintiff participated in the Department of Defense Inspector General per (Sec. 104(c)), and plaintiff prevailed at an administrative hearing per (Sec. 107(b)). Plaintiff is entitled to TCU "related benefits" without trial. The court may note that 3 litigants of 226 survived as a prevailing party in the Federal circuit between October of 1994 to May 2012. The most significant benefits in the WPEA are listed below:

**1.) Expanded Protection for Disclosures of Government Wrongdoing**

- Closes judicially-created loopholes that had removed protection for the most common whistle blowing scenarios and left only token rights (e.g. only providing rights when whistle blowers are the first to report misconduct, and only if it is unconnected to their job duties). (Sec. 101, 102)
- Clarifies that whistle blowers are protected for challenging the consequences of government policy decisions. (Sec. 101, 102)
- Cancels the 1999 precedent that translates "reasonable belief" to require irrefragable proof ("undeniable, uncontestable, or incontrovertible proof") before they are eligible for protection. (Sec. 103)
- Clarifies that protection of critical infrastructure information does not override WPA protection. (Sec. 111)

**X. TORT ACTION**

37. TCU is sued for Tortious Interference with Contract and Prospective Economic Advantage. Plaintiff alleges that TCU wrongfully interferes with a significant business relationship that has not been reduced to contract and violates TCU policy. The defendant employed unlawful means to obtain an economic advantage to harm the employee while stiffing all competitors by fraudulently accepting an unfair participation in a 54 billion education

industry and failing to disclose the crimes. TCU has an economic interest in retaining all federal and state funds estimated at 6 million dollars a year for the past 27 years. On the other hand TCU has a DOD contract with the United States. Any conclusion that may show a lack of compliance with the discrimination and whistle blower statutes combined with a track record of twenty seven years for suppression of communications may constitute reasons for forfeiture of federal and state money per the ARRA.

38. Mediation via the Texas Arbitration Act or Federal Arbitration Act is requested to decide and balance the profound competing interests and to determine the validity of the elements that plaintiff (1) had a reasonable expectation of entering into a valid business relationship of a three to four year ROTC assignment and eligibility of TCU related career benefits (2) that defendant had knowledge of the plaintiff's expectancy that TCU would comply with all federal and state statutes as part of the business relationship and that plaintiff may prosper as a Graduate student by earning a TCU Doctoral degree similar to other situated employees. (3) TCU's letter shows purposeful interference that was a factor in disturbing plaintiff's legitimate expectancy from ripening into a valid business relationship; and (4) Damages to the plaintiff resulting from such interference and the loss of opportunity of four years to earn career achievements according to an expert witness. To retire two grades higher (from 0-4 to 0-6 is valued at $ 480, 000 plus interest. Was the risk of loosing $ 480,0000 worth the

retention of $ 72, 000, 000 million dollars? In summary Plaintiff will plead the present day elements of the (1) the existence of a valid and enforceable contract between the plaintiff and the Department of Defense (2) the defendant's awareness of this contractual relation; (3) the defendant's intentional and unjustified inducement of a breach of the contract (including the TCU request for the officer's removal) and (4) a subsequent breach by the other, caused by the defendant's wrongful conduct; and (5) damages. Defendant's letter, and conduct as described, is sufficiently egregious to award punitive damages. TCU independently violates its own policy pertaining to the premises defined in 2010 court case in the Texas appeal court in Waco, October 27, 2010.

## XI. DAMAGES

39. Pursuant to Section 21.585 of the Texas Labor Code, Plaintiff seeks all compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses allowed by law. Furthermore, as a result of the incident described herein, Plaintiff incurred set back in being reinstated and to be employed at Texas Christian University. Plaintiff was deprived the experience of due process with the Board of Trustees. Plaintiff has reasonable belief that TCU's black ball approach for opposing the discrimination statutes will escalate to a more severe level and will be such that application for future positions will be met by similar treatment, and lost wages and benefits in the past. In reasonable

probability, such lost wages and benefits will continue in the future. As a result of the incident described herein, Plaintiff experienced inconvenience and a loss of enjoyment of life in the past, and in reasonable probability such inconvenience and a loss of enjoyment of life will continue in the future.

## XII ATTORNEYS FEES AND COSTS

40. Pursuant to Section 21.259 of the Texas Labor Code, and the whistle blower statutes, Plaintiff seeks all reasonable attorneys' fees, court costs and expenses incurred in the prosecution of this suit and allowed by law.

## XIII EXEMPLARY DAMAGES

41. Plaintiff seeks exemplary damages for the harm caused by Defendant's willful actions.

## XIV CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

42. Plaintiff claims interest in accordance with Texas Finance Code §304.001 et seq. and any other applicable law.

## XV. JURY DEMAND AND PRAYER

43. Plaintiff requests that a jury be empaneled to try all fact issues in this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein and upon final hearing of this cause, Plaintiff have judgment against Defendant for the following:

a. Judgment against Defendant for Plaintiff's damages, and TORT, including but not limited to compensatory damages, reasonable attorneys fees, costs and disbursements of this lawsuit, and other damages both general, special and punitive under the Texas Commission on Human Rights Act (Chapter 21 of the Texas Labor Code) and Federal and State whistle blower acts.

b. Declaration against Defendant's conduct for violation of Plaintiff's rights as secured by the Texas Commission on Human Rights (Chapter 21 of the Texas Labor Code)

c. Prejudgment and post-judgment interest as allowed by law;

d. Cost of suit herein; and

e. Such other relief to which Plaintiff may be justly entitled.

James Boswell

JAMES BOSWELL
PRO SE
414 MORRISON DRIVE
EULESS TEXAS 76039
817 896 4137 (Telephone)
JBOSRANGER @AOL.COM EMAIL

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was delivered by:

Mail by certified mail, return receipt requested, postage prepaid, in a postpaid, properly

addressed wrapper, in a post office or official depository under the care and custody of

the United States Postal Service;

_______ Hand-delivered by courier receipted delivery;

_______ Forwarded by next day receipted delivery service (federal express);

_______ Communicated by telephonic document transfer to the recipient's current tele copier number;

on this 11 day of February, 2013.

James Boswell
PRO SE
414 Morrison Drive
Euless TX 76039
817 896 4137 @ aol.com
JBosranger

EXHIBIT
B pg 1

McDonald Sanders
A Professional Corporation
ATTORNEYS AT LAW

777 Main Street, Suite 1300
Fort Worth, Texas 76102
817.336.8651
817.334.0271 Fax
www.mcdonaldlaw.com

ROBERT L. GINSBURG
Direct Dial: 817.347.3644
Direct Fax: 817.347.3645
rginsburg@mcdonaldlaw.com

December 10, 2012

JAMES WEBB
RICK G. SORENSON
GREG S. HARGROVE
KEVIN D. KUENZLI
ROBERT L. GINSBURG
RORY DIVIN
STUART B. LUMPKINS, JR.
GEORGE C. HARATSIS
RANDYL MEIGS
JOHN W. WRIGHT
NICHOLAS BETTINGER
RICHARD C. DEBERRY
JENNIFER N. LITTMAN
RUSSELL A. DEVENPORT
BRANDON R. WADE
BRITTANI W. ROLLEN
JUSTIN P. HUSTON
CRAIG P. BARBOLLA
DONALD A. KACZKOWSKI
MICHAEL C. WURTZ
KIMBERLY A. COLLIER
ANNE MOBERG
KATE WELLS

***VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED***

Major James Boswell
414 Morrison Drive
Euless, TX 76039

Dear Major Boswell:

We are attorneys for Texas Christian University ("TCU").

I am writing in response to your letter of November 21, 2012, addressed to Dr. Victor J. Boschini, Jr., Chancellor, Mr. Clarence Scharbauer III, Chairman of the Board of Trustees, and the Board of Trustees of TCU and the enclosures.

First, with respect to your interest in employment at TCU, TCU does not maintain a position such as you are seeking and, at the present, is not adding any new positions. Second, regarding the whistleblower reprisal claim, such matter is strictly between you and the U.S. Department of Education.

Additionally, TCU respectfully declines your requests for meetings with Chancellor Boschini, Chairman Scharbauer, and the Board of Trustees.

You are correct that, on November 18, 1987, I sent you a certified letter notifying you to immediately cease and desist all communications with TCU, its faculty, administration and Board of Trustees. That notice still stands. Additionally, notice is hereby given that you are not to come on or about the TCU campus or any property owned by TCU without the express written permission of the Chief of Police of TCU. The TCU Police Department is being notified regarding the imposition of this no-trespass notice.

McDonald
Sanders
A Professional Corporation
ATTORNEYS AT LAW

PLAINTIFF'S EXHIBIT
A pg 2

Major James Boswell
December 10, 2012
Page 2

Should you have any questions regarding this letter or need to communicate further regarding this or any other matter, such communication should be directed exclusively to me as TCU's legal representative.

Very truly yours,

Robert L. Ginsburg

RLG:ess
I:\09300\0004\LQ8853.DOCX

cc: Dr. Victor J. Boschini, Jr.
Chancellor
Texas Christian University

Mr. Clarence Scharbauer III
Chairman of the Board of Trustees
Texas Christian University

Steve McGee
Chief of Police
Texas Christian University

# 3

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

**ORIGINAL**

*CITATION* *Cause No. 017-264176-13*

JAMES BOSWELL
VS.
VICTOR J. BOSHINI, JR., ET AL

02/14/13 ck. 2:30

TO: LAW FIRM OF MCDONALD SANDERS

B/S MCDONALD SANDERS ATTY 777 MAIN ST STE 1300 FORT WORTH, TX 76102-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 17th District Court ,401 W BELKNAP, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

JAMES BOSWELL

Filed in said Court on February 11th, 2013 Against
BOSHINI JR CHANCELLOR OF TX CHRISTIAN UNIVERSITY, CL SCHBAUER III CHAIRMEN OF THE BOARD OF TRUSTEES, ROBERT GINSBURG ATTY FOR TX CHRISTIAN UNIVERSITY, LAW FIRM OF MCDONALD SANDERS, TX CHRISTIAN UNIVERSITY, BOARD OF TRUSTEES OF CHRISTIAN U
For suit, said suit being numbered 017-264176-13 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

FILED
TARRANT COUNTY
2013 MAR -8 AM 11:2?
THOMAS A. WILDER
DISTRICT CLERK

PRO SE
Attorney for JAMES BOSWELL Phone No. (817)896-4137
Address 414 MORRISON DR EULESS, TX 76039

Thomas A. Wilder , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 11th day of February, 2013.

By Stacci Reynolds Deputy
STACCI REYNOLDS

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 401 W BELKNAP, FORT WORTH TX 76196-0402

## OFFICER'S RETURN

Received this Citation on the 14th day of February 2013 at 1:50 o'clock PM; and executed at 777 Main St, Ste 1300 within the county of Fort Worth, State of TX at 2:30 o'clock PM on the 14th day of February 2013 by delivering to the within named (Def.): Law Firm of McDonald Sanders defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION , having first endorsed on same the date of delivery.

Received by me on this date as authorized by Robert L. Ginsburg. [signature] Brenan

Authorized Person/~~Constable/Sheriff~~: Carl Boodram
County of Dallas State of TX By Carl Boodram Deputy
SCH#02400 Exp 12/31/15 2/14/13
Fees $______

State of Texas County of Dallas (Must be verified if served outside the State of Texas)
Signed and sworn to by the said Carl Boodram before me this 15 day of February 2013
to certify which witness my hand and seal of office
(Seal) [signature] Sendy Padilla Rick G. Sorenson

SENDY PADILLA
Notary Public, State of Texas
My Commission Expires
March 23, 2015

County of Dallas State of Texas

EXHIBIT
3

000032

4

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

ORIGINAL

*CITATION* *Cause No. 017-264176-13*

JAMES BOSWELL
VS.
VICTOR J. BOSHINI, JR., ET AL

TO: ROBERT GINSBURG ATTY FOR TX CHRISTIAN UN

B/S MCDONALD SANDERS ATTY 777 MAIN ST STE 1300 FORT WORTH, TX 76102-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 17th District Court ,401 W BELKNAP, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County Texas said PLAINTIFF being

FILED
TARRANT COUNTY
2013 MAR -8 AM 11:28
THOMAS A. WILDER
DISTRICT CLERK

JAMES BOSWELL

Filed in said Court on February 11th, 2013 Against
BOSHINI JR CHANCELLOR OF TX CHRISTIAN UNIVERSITY, CL SCHBAUER III CHAIRMEN OF THE BOARD OF TRUSTEES, ROBERT GINSBURG ATTY FOR TX CHRISTIAN UNIVERSITY, LAW FIRM OF MCDONALD SANDERS, TX CHRISTIAN UNIVERSITY, BOARD OF TRUSTEES TX CHRISTIAN U
For suit, said suit being numbered 017-264176-13 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

PRO SE
Attorney for JAMES BOSWELL Phone No. (817)896-4137
Address 414 MORRISON DR EULESS, TX 76039

Thomas A. Wilder, Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 11th day of February, 2013.

By *Stacci Reynolds* Deputy
STACCI REYNOLDS

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 401 W BELKNAP, FORT WORTH TX 76196-0402

## OFFICER'S RETURN

Received this Citation on the 14th day of February 2013 at 1:30 o'clock P M; and executed at 777 MAIN ST STE 1300 within the county of Fort Worth, State of TX at 2:30 o'clock PM on the 14th day of February 2013 by delivering to the within named (Def.): Robert GinsBurg defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION , having first endorsed on same the date of delivery.

Received by me on this date as authorized by Robert L. Ginsburg. Rick G. Sorenson 2/11/13

Authorized Person/~~Constable~~/~~Sheriff~~: CARL BOODRAM
County of DALLAS State of TX By Carl Boodram ~~Deputy~~
SCH# 02400 EXP 12/31/15.
Fees $____ Rick G. Sorenson
State of TEXAS County of Dallas (Must be verified if served outside the State of Texas)
Signed and sworn to by the said Carl Boodram before me this 15th day of February, 2013
to certify which witness my hand and seal of office
(Seal)

SENDY PADILLA
Notary Public, State of Texas
My Commission Expires
March 23, 2015

*Sendy Padilla*
County of Sendy Padilla, State of TEXAS

EXHIBIT
4

000033

# 5

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

ORIGINAL

*CITATION* *Cause No. 017-264176-13*

JAMES BOSWELL
VS.
VICTOR J. BOSHINI, JR., ET AL

TO: TX CHRISTIAN UNIVERSITY

B/S MCDONALD SANDERS ATTY 777 MAIN ST STE 1300 FORT WORTH, TX 76102-

FILED TARRANT COUNTY 2013 MAR -8 AM 11:25 THOMAS A. WILDER DISTRICT CLERK

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 17th District Court ,401 W BELKNAP, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

JAMES BOSWELL

Filed in said Court on February 11th, 2013 Against
BOSHINI JR CHANCELLOR OF TX CHRISTIAN UNIVERSITY, CL SCHBAUER III CHAIRMEN OF THE BOARD OF TRUSTEES, ROBERT GINSBURG ATTY FOR TX CHRISTIAN UNIVERSITY, LAW FIRM OF MCDONALD SANDERS, TX CHRISTIAN UNIVERSITY, BOARD OF TRUSTEES TX CHRISTIAN U
For suit, said suit being numbered 017-264176-13 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

PRO SE
Attorney for JAMES BOSWELL Phone No. (817)896-4137
Address 414 MORRISON DR EULESS, TX 76039

Thomas A. Wilder, Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 11th day of February, 2013.

By *Stacci Reynolds* Deputy
STACCI REYNOLDS

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 401 W BELKNAP, FORT WORTH TX 76196-0402

## OFFICER'S RETURN

Received this Citation on the *14th* day of *February 2013* at *1:30* o'clock *P*M; and executed at *777 MAIN ST 1300* within the county of *Fort Worth*, State of *TX* at *2:30* o'clock *P* M on the *14th* day of *February 2013* by delivering to the within named (Def.): *TX CHRISTIAN UNIVERSITY* defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION , having first endorsed on same the date of delivery. *to Atty for Def. Rick G. Sorenson.* *Received by me on this date as authorized by Robert L. Ginsburg*

Authorized Person/~~Constable~~/~~Sheriff~~: *CARL BOODRAM*
County of *DALLAS* State of *TX* By *Carl Boodram* Deputy *[signature]*
Fees $______ *SCH#02400 Exp 12/31/15* *2/11/13*
State of *Texas* County of *Dallas* (Must be verified if served outside the State of Texas)
Signed and sworn to by the said *Carl Boodram* before me this *15* day of *February 2013* *Rick G. Sorenson*
to certify which witness my hand and seal of office
(Seal) *Sendy Padilla*
County of *Sendy Padilla*, State of *Texas*

SENDY PADILLA
Notary Public, State of Texas
My Commission Expires
March 23, 2015

EXHIBIT
5

00034

6

**ORIGINAL**

## THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

## CITATION

*Cause No. 017-264176-13*

JAMES BOSWELL

VS.

VICTOR J. BOSHINI, JR., ET AL

TO: CLARENCE SCHBAUER III CHAIRMEN OF THE BO

B/S MCDONALD SANDERS ATTY 777 MAIN ST STE 1300 FORT WORTH, TX 76102-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 17th District Court ,401 W BELKNAP, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

FILED TARRANT COUNTY 2013 MAR -8 AM 11: 25 THOMAS A. WILDER DISTRICT CLERK

JAMES BOSWELL

Filed in said Court on February 11th, 2013 Against BOSHINI JR CHANCELLOR OF TX CHRISTIAN UNIVERSITY, CL SCHBAUER III CHAIRMEN OF THE BOARD OF TRUSTEES, ROBERT GINSBURG ATTY FOR TX CHRISTIAN UNIVERSITY, LAW FIRM OF MCDONALD SANDERS, TX CHRISTIAN UNIVERSITY, BOARD OF TRUSTEES TX CHRISTIAN U For suit, said suit being numbered 017-264176-13 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

PRO SE
Attorney for JAMES BOSWELL Phone No. (817)896-4137
Address 414 MORRISON DR EULESS, TX 76039

Thomas A. Wilder , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 11th day of February, 2013.

By *Stacci Reynolds* Deputy
STACCI REYNOLDS

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 401 W BELKNAP, FORT WORTH TX 76196-0402

## OFFICER'S RETURN

Received this Citation on the *14th* day of *February 2013* at *1:50* o'clock *P*M; and executed at *777 Main St. STE 1300* within the county of *Fort Worth*, State of *TX* at *2:36* o'clock *P*M on the *14th* day of *February 2013* by delivering to the within named (Def.): *CLARENCE SCHBAUER III* defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION , having first endorsed on same the date of delivery. *to Rick G. Sorenson Law Firm McDonald Sanders* *Received by me on this date authorized by Robert Z. Ginsburg.* *[signature]*

Authorized Person/~~Constable~~/~~Sheriff~~: *CARL BOODRAM* Deputy

County of *DALLAS* State of *TX* By *Carl Boodram 2/14/13*

*SCH#02400 Exp 12/31/15*

Fees $________

State of *Texas* County of *Dallas* (Must be verified if served outside the State of Texas)

Signed and sworn to by the said *Carl Boodram* before me this *15th* day of *February 2013* *Rick G. Sorenson*

to certify which witness my hand and seal of office

(Seal)

SENDY PADILLA
Notary Public, State of Texas
My Commission Expires
March 23, 2015

*Sendy Padilla* County of *Dallas* State of *Texas*

EXHIBIT *6*

*Y*

000035

7

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

ORIGINAL

*CITATION* *Cause No. 017-264176-13*

JAMES BOSWELL
VS.
VICTOR J. BOSHINI, JR., ET AL

TO: VICTOR BOSHINI JR CHANCELLOR OF TX CHRIS

B/S MCDONALD SANDERS ATTY 777 MAIN ST STE 1300 FORT WORTH, TX 76102-

FILED TARRANT COUNTY 2013 MAR -8 AM 11:24 THOMAS A. WILDER DISTRICT CLERK

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 17th District Court ,401 W BELKNAP, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

JAMES BOSWELL

Filed in said Court on February 11th, 2013 Against
BOSHINI JR CHANCELLOR OF TX CHRISTIAN UNIVERSITY, CL SCHBAUER III CHAIRMEN OF THE BOARD OF TRUSTEES, ROBERT GINSBURG ATTY FOR TX CHRISTIAN UNIVERSITY, LAW FIRM OF MCDONALD SANDERS, TX CHRISTIAN UNIVERSITY, BOARD OF TRUSTEES TX CHRISTIAN U For suit, said suit being numbered 017-264176-13 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

PRO SE
Attorney for JAMES BOSWELL Phone No. (817)896-4137
Address 414 MORRISON DR EULESS, TX 76039

Thomas A. Wilder, Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 11th day of February, 2013.

By *Stacci Reynolds* Deputy
STACCI REYNOLDS

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 401 W BELKNAP, FORT WORTH TX 76196-0402

## OFFICER'S RETURN

Received this Citation on the 14th day of February 2013 at 1:30 o'clock P M; and executed at 777 MAIN ST. STE 1300 within the county of Fort Worth, State of TX at 2:30 o'clock P M on the 14th day of February 2013 by delivering to the within named (Def.): Victor Boshini Jr defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION , having first endorsed on same the date of delivery. to Rick G. Sorenson Atty for. Def.

Received by me on this date as authorized by Robert L. Ginsburg
*[signature]*

Authorized Person/~~Constable~~/~~Sheriff~~: CARL BOODRAM
County of Dallas State of TX By *Carl Boodram* 2/13/13 ~~Deputy~~
Fees $____ SCH#02400 Exp 12/31/15 RICK G. Sorenson
State of Texas County of Dallas (Must be verified if served outside the State of Texas)
Signed and sworn to by the said Carl Boodram before me this 15th day of February 2013
to certify which witness my hand and seal of office
(Seal)

SENDY PADILLA
Notary Public, State of Texas
My Commission Expires
March 23, 2015

*Sendy Padilla* County of Sendy Padilla, State of Texas

EXHIBIT
7

000036

8

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

ORIGINAL

*CITATION* *Cause No. 017-264176-13*

JAMES BOSWELL
VS.
VICTOR J. BOSHINI, JR., ET AL

TO: BOARD OF TRUSTEES TX CHRISTIAN UNIVERSIT
B/S MCDONALD SANDERS ATTY 777 MAIN ST STE 1300 FORT WORTH, TX 76102-

FILED
TARRANT COUNTY
2013 MAR -8 AM 11:25
THOMAS A. WILDER
DISTRICT CLERK

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 17th District Court ,401 W BELKNAP, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

JAMES BOSWELL

Filed in said Court on February 11th, 2013 Against
BOSHINI JR CHANCELLOR OF TX CHRISTIAN UNIVERSITY, CL SCHBAUER III CHAIRMEN OF THE BOARD OF TRUSTEES, ROBERT GINSBURG ATTY FOR TX CHRISTIAN UNIVERSITY, LAW FIRM OF MCDONALD SANDERS, TX CHRISTIAN UNIVERSITY, BOARD OF TRUSTEES TX CHRISTIAN U
For suit, said suit being numbered 017-264176-13 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

PRO SE
Attorney for JAMES BOSWELL Phone No. (817)896-4137
Address 414 MORRISON DR EULESS, TX 76039

Thomas A. Wilder, Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 11th day of February, 2013.

By Stacci Reynolds Deputy
STACCI REYNOLDS

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 401 W BELKNAP, FORT WORTH TX 76196-0402

## OFFICER'S RETURN

Received this Citation on the ______ day of ____________________, _____ at ______ o'clock ___M; and executed at ____________________ within the county of ______________, State of ________ at ________ o'clock ___M on the _______ day of _______________, _____ by delivering to the within named (Def.): ____________________ defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION , having first endorsed on same the date of delivery.

Received by me on this date as authorized by Robert L. Hensburg

Authorized Person/Constable/Sheriff: ____________________
County of ____________________ State of __________ By ____________________ Deputy

2/11/13

Fees $________
State of ____________ County of ____________________ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said ____________________ before me this _____ day of ________, ____
to certify which witness my hand and seal of office
(Seal)

Rick G. Sorenson

County of ____________________ State of ____________________

EXHIBIT
8

000037

9

FILED TARRANT COUNTY 2013 MAR -8 PM 4:28 THOMAS A. WILDER DISTRICT CLERK

Cause No. 017-264176-13

| | | |
|---|---|---|
| JAMES BOSWELL,<br><br>Plaintiff<br>v.<br><br>VICTOR J. BOSCHINI, JR., CHANCELLOR OF TEXAS CHRISTIAN UNIVERSITY, MR. CLARENCE SCHBAUER III, CHAIRMAN OF THE BOARD OF TRUSTEES, ROBERT GINSBURG, ATTORNEY FOR TEXAS CHRISTIAN UNIVERSITY, LAW FIRM OF MCDONALD SANDERS, TEXAS CHRISTIAN UNIVERSITY, BOARD OF TRUSTEES, TEXAS CHRISTIAN UNIVERSITY,<br><br>Defendant | § § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT<br><br>17TH JUDICIAL DISTRICT<br><br>TARRANT COUNTY, TEXAS |

**<u>DEFENDANTS' ORIGINAL ANSWER</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants Victor J. Boschini, Clarence Schbauer, III, (correctly named Clarence Scharbauer, III), Robert Ginsburg, Law Firm of McDonald Sanders (correctly named, McDonald Sanders, P.C.), the Board of Trustees for Texas Christian University, and Texas Christian University, and file this Original Answer to Plaintiff's Original Petition and in support thereof would respectfully show the Court as follows:

1.

<u>GENERAL DENIAL</u>

As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendants plead a general denial to Plaintiff's Original Petition and request that Plaintiff be required to prove his allegations by a preponderance of the evidence.

EXHIBIT 9

2.

FIRST AFFIRMATIVE DEFENSE

Plaintiff's Petition fails to state a claim upon which relief can be granted.

3.

SECOND AFFIRMATIVE DEFENSE

The doctrine of res judicata bars one or more of Plaintiff's claims.

4.

THIRD AFFIRMATIVE DEFENSE

The doctrine of collateral estoppel bars one or more of Plaintiff's claims.

5.

FOURTH AFFIRMATIVE DEFENSE

The statute of limitations bars one or more of Plaintiff's claims.

6.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust administrative remedies associated with one or more of his claims.

7.

SIXTH AFFIRMATIVE DEFENSE/SPECIAL DENIAL

One or more conditions precedent to one or more of Plaintiff's claims have not been fulfilled. Defendants specifically deny that one or more conditions precedent to one or more of Plaintiff's claim have been fulfilled.

8.

SEVENTH AFFIRMATIVE DEFENSE

The doctrine of laches bars one or more of Plaintiff's claims.

9.

EIGHTH AFFIRMATIVE DEFENSE

The doctrine of unclean hands bars a portion of the relief sought by Plaintiff.

10.

NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his alleged damages.

11.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's own acts and/or omissions, including his own negligence, caused or contributed to Plaintiff's alleged injury.

12.

ELEVENTH AFFIRMATIVE DEFENSE

One or more of the Defendants' conduct was protected by privilege.

13.

TWELFTH AFFIRMATIVE DEFENSE

One or more of the Defendants' conduct was protected by legal justification.

14.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff engaged in a waiver associated with one or more of his claims.

15.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting one or more of his claims.

16.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert one or more of his claims.

17.

SPECIAL DENIAL

The "Board of Trustees, Texas Christian University" does not have legal capacity to be sued, and the "Board of Trustees, Texas Christian University" is not liable in the capacity in which it has been sued. The "Board of Trustees, Texas Christian University" is not a separately suable legal entity in this case.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff take nothing by this lawsuit, that they recover costs of court and have such other and further relief, either special or general, at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

By:____________________________
Rory Divin
State Bar No. 05902800

McDONALD SANDERS,
A Professional Corporation
777 Main Street, Suite 1300
Fort Worth, Texas 76102
(817) 336-8651
(817) 334-0271 Fax
rdivin@mcdonaldlaw.com

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent via certified mail, return receipt requested, to Plaintiff this 8 day of March, 2013, at the following address:

James Boswell
414 Morrison Drive
Euless, TX 76039

Rory Divin

**VERIFICATION**

STATE OF TEXAS §
§
COUNTY OF TARRANT §

Before me, the undersigned notary public, personally appeared Rory Divin, who after being by me sworn on oath, deposed and stated as follows:

> I am an attorney for Defendants in the above styled case. I have personal knowledge of the matters asserted in Paragraph 17 of Defendants' Original Answer, the matters asserted in Paragraph 17 of Defendants' Original Answer are true and correct. Although Plaintiff has named the "Board of Trustees, Texas Christian University" as a separate defendant in the style of this case, the "Board of Trustees, Texas Christian University" is not a separately suable legal entity.

Rory Divin

SUBSCRIBED AND SWORN TO BEFORE ME by Rory Divin on the 8th day of March, 2013, to certify which witness my hand and official seal.

Notary Public in and for the State of Texas

My Commission expires:

PAULA RUTH NUTT
Notary Public
STATE OF TEXAS
My Comm. Exp. 08-29-2016

# 10

1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES BOSWELL,<br><br>Plaintiff<br>v.<br><br>VICTOR J. BOSCHINI, JR., CHANCELLOR OF TEXAS CHRISTIAN UNIVERSITY, MR. CLARENCE SCHBAUER III, CHAIRMAN OF THE BOARD OF TRUSTEES, ROBERT GINSBURG, ATTORNEY FOR TEXAS CHRISTIAN UNIVERSITY, LAW FIRM OF MCDONALD SANDERS, TEXAS CHRISTIAN UNIVERSITY, BOARD OF TRUSTEES, TEXAS CHRISTIAN UNIVERSITY,<br><br>Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. ______________ |

**NOTICE OF RELATED CASES**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to Rules 3.3(a) and 81.1(a)(3) of the Local Rules of Practice, Defendants Victor J. Boschini, Clarence Schbauer, III, (correctly named Clarence Scharbauer, III) Robert Ginsburg, Law Firm of McDonald Sanders (correctly named, McDonald Sanders, P.C.), Board of Trustees, Texas Christian University, and Texas Christian University file this notice of related cases.

Defendants state that the following cases are "related cases" as defined by Rule 3.3(b)(3) of the Local Rules of Practice:

EXHIBIT
10

| Style | Civil Action Number | Court | Presiding Judge | Pend-ing? | Date of Final Judgment or Order |
|---|---|---|---|---|---|
| | | | | | |
| *Boswell v. Bush, et al.;* | 67-18244-00 | 67th District Court, Tarrant County, Texas | N/A | No | Removed to 4:00-cv-01440 |
| *Boswell, et al v. Gov. George Bush, TCU and Gen. James* | 4:00-cv-01440 | Northern District of Texas – Fort Worth Division | Judge Eldon B. Mahon | No | Dismissed 01/12/2001 |
| *Boswell, et al v. Bush, et al* | 00-11246 | 5th Circuit | N/A (Dismissed by Clerk Order) | No | Dismissed 04/19/2001 |
| *Boswell, et al v. Bush, et al* | 00-11144 | 5th Circuit | N/A (Dismissed by Clerk Order) | No | Dismissed 12/28/2000 |
| | | | | | |
| *Boswell, et al v. TCU, Gov. George Bush, Maj. James, Louis Caldera* | 4:00-cv-01526 | Northern District of Texas – Fort Worth Division | Judge Terry R. Means | No | Dismissed 11/17/2000 |
| *Boswell, et al v. Bush, et al* | 00-11360 | 5th Circuit | Judges Wiener DeMoss and Dennis | No | Affirming District Court 06/13/2001 |
| | | | | | |
| *Boswell v. William Cohen & TCU, et al* | 4:98-cv-00168 | Northern District of Texas – Fort Worth Division | Judge Terry R. Means | No | Final Judgment 1/29/1999 |
| *Boswell v. William Cohen, et al* | 98-10939 | 5th Circuit | Judges Wiener, Jones and Garza | No | Dismissed 10/06/1998 |

| Style | Civil Action Number | Court | Presiding Judge | Pend-ing? | Date of Final Judgment or Order |
|---|---|---|---|---|---|
| *Boswell v. William Cohen, et al* | 99-10161 | 5th Circuit | Judges Jolly, Higginbotham and Barksdale | No | Motion for Reconsideration Denied 12/16/1999 |
| *Boswell v. William Cohen, et al* | 00-10698 | 5th Circuit | Judges Wiener DeMoss and Dennis | No | Dismissed 06/14/2001 |

Respectfully submitted,

Rory Divin
State Bar No. 05902800

MCDONALD SANDERS, P.C.
777 Main Street, Suite 1300
Fort Worth, Texas 76102
(817) 336-8651
(817) 334-0271 Fax
rdivin@mcdonaldlaw.com

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document, and its attachments, were sent via certified mail, return receipt requested, to Plaintiff this 13 day of March, 2013.

James Boswell
Pro Se
414 Morrison Drive
Euless, Texas 76039

Rory Divin

11

1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES BOSWELL,<br><br>Plaintiff<br>v.<br><br>VICTOR J. BOSCHINI, JR., CHANCELLOR OF TEXAS CHRISTIAN UNIVERSITY, MR. CLARENCE SCHBAUER III, CHAIRMAN OF THE BOARD OF TRUSTEES, ROBERT GINSBURG, ATTORNEY FOR TEXAS CHRISTIAN UNIVERSITY, LAW FIRM OF MCDONALD SANDERS, TEXAS CHRISTIAN UNIVERSITY, BOARD OF TRUSTEES, TEXAS CHRISTIAN UNIVERSITY,<br><br>Defendant | § § § § § § § § § § § § § § § § § § § | Civil Action No. ______________ |

**DEFENDANT'S CERTIFICATE OF INTERESTED**
**PERSONS AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to Rule 7.4, Local Rules of Practice and Rule 7.1, Federal Rules of Civil Procedure, Defendants Victor J. Boschini, Clarence Schbauer, III, (correctly named Clarence Scharbauer, III) Robert Ginsburg, Law Firm of McDonald Sanders (correctly named, McDonald Sanders, P.C.), the Board of Trustees, Texas Christian University[1] and Texas Christian University respectfully file the following Certificate of Interested Persons and Corporate Disclosure Statement.

[1] To the extent the Board of Trustees of Texas Christian University, is a separately suable legal entity, which Defendants deny, the Board joins in the filing of this Certificate of Interested Persons and Corporate Disclosure Statement. Defendants expressly reserve and do not waive their right to assert that the Board of Trustees of Texas Christian University is not a separately suable legal entity in this case.



EXHIBIT
11

Defendants states that the following persons and entities are interested in the outcome of this case:

1. Plaintiff James Boswell;
2. Defendant Victor J. Boschini;
3. Defendant Clarence Scharbauer, III;
4. Defendant Robert Ginsburg;
5. Defendant McDonald Sanders, P.C.; and
6. Defendant Texas Christian University.

Defendant Texas Christian University is a Texas non-profit corporation, which does not have a parent company.

Respectfully submitted,

By:____________________
Rory Divin
Texas Bar No. 05902800

McDONALD SANDERS,
a Professional Corporation
777 Main Street
Suite 1300
Fort Worth, TX 76102
(817) 336-8651
(817) 334-0271 Fax
rdivin@mcdonaldlaw.com

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been sent by certified mail, return receipt requested, to Plaintiff, on this 13 day of March, 2013.

James Boswell
Pro Se
414 Morrison Drive
Euless, Texas 76039

Rory Divin

JS 44 (Rev. 09/11) ORIGINAL

# CIVIL COVER SHEET

RECEIVED
DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
2013 MAR 13 PM 2:48
CLERK OF COURT

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadngs or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

JAMES BOSWELL, pro se

**(b)** County of Residence of First Listed Plaintiff Tarrant
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
414 Morrison Drive, Euless, TX 76039. (817) 896-4137

**DEFENDANTS**

Victor J. Boshini, Jr. Chancellor of TCU, Mr. Clarence Schbauer III, Chairmen of the Board of Trustees, Robert Ginsburg Attorney for TCU, Law firm of McDonald Sanders, TCU, Board of Trustees TCU

County of Residence of First Listed Defendant Tarrant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

4-13CV-208. Y

Attorneys *(If Known)*
Rory Divin, McDonald Sanders, PC, 777 Main, Suite 1300, Fort Worth, TX 76102. (817) 336-8651

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district *(specify)* ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Removal, 28 USC 1331, 1441

Brief description of cause:
Plaintiff alleges discrimination and retaliation as well as reprisal under whistleblower statutes.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 **DEMAND $** CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) PENDING OR CLOSED:** *(See instructions)*: JUDGE See Continuation Sheet DOCKET NUMBER

DATE 3/13/13 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 1904 AMOUNT $350 APPLYING IFP JUDGE MAG. JUDGE

JS 44 Reverse (Rev. 09/11)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference cases that are related to this filing, if any. If a realted case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is "realted" to this filing if the case: (1) involves some or all of the same parties and is based on the same or similar claim; (2) involves the same property, transaction, or event; (3) involves substantially similar issues of law and fact; and/or (4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# NOTICE OF RELATED CASES

| Style | Civil Action Number | Court | Presiding Judge | Pend-ing? | Date of Final Judgment or Order |
|---|---|---|---|---|---|
| | | | | | |
| *Boswell v. Bush, et al.;* | 67-18244-00 | 67th District Court, Tarrant County, Texas | N/A | No | Removed to 4:00-cv-01440 |
| *Boswell, et al v. Gov. George Bush, TCU and Gen. James* | 4:00-cv-01440 | Northern District of Texas – Fort Worth Division | Judge Eldon B. Mahon | No | Dismissed 01/12/2001 |
| *Boswell, et al v. Bush, et al* | 00-11246 | 5th Circuit | N/A (Dismissed by Clerk Order) | No | Dismissed 04/19/2001 |
| *Boswell, et al v. Bush, et al* | 00-11144 | 5th Circuit | N/A (Dismissed by Clerk Order) | No | Dismissed 12/28/2000 |
| | | | | | |
| *Boswell, et al v. TCU, Gov. George Bush, Maj. James, Louis Caldera* | 4:00-cv-01526 | Northern District of Texas – Fort Worth Division | Judge Terry R. Means | No | Dismissed 11/17/2000 |
| *Boswell, et al v. Bush, et al* | 00-11360 | 5th Circuit | Judges Wiener DeMoss and Dennis | No | Affirming District Court 06/13/2001 |
| | | | | | |
| *Boswell v. William Cohen & TCU, et al* | 4:98-cv-00168 | Northern District of Texas – Fort Worth Division | Judge Terry R. Means | No | Final Judgment 1/29/1999 |
| *Boswell v. William Cohen, et al* | 98-10939 | 5th Circuit | Judges Wiener, Jones and Garza | No | Dismissed 10/06/1998 |

| **Style** | **Civil Action Number** | **Court** | **Presiding Judge** | **Pend-ing?** | **Date of Final Judgment or Order** |
|---|---|---|---|---|---|
| *Boswell v. William Cohen, et al* | 99-10161 | 5th Circuit | Judges Jolly, Higginbotham and Barksdale | No | Motion for Reconsideration Denied 12/16/1999 |
| *Boswell v. William Cohen, et al* | 00-10698 | 5th Circuit | Judges Wiener DeMoss and Dennis | No | Dismissed 06/14/2001 |

# United States District Court
# Northern District of Texas

## Supplemental Civil Cover Sheet For Cases Removed From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1. **State Court Information:**

Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

| Court | Case Number |
|---|---|
| 17th Judicial District Court, Dallas County, Texas | 017-264176-13 |

2. **Style of the Case:**

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

| Party and Party Type | Attorney(s) |
|---|---|
| James Boswell, Plaintiff | Pro Se |
| Victor J. Boschini, Jr., Chancellor of Texas Christian University, Defendant | Rory Divin<br>State Bar No. 05902800<br>McDonald Sanders, PC<br>777 Main Street, Suite 1300<br>Fort Worth, TX 76102<br>(817) 336-8651 |
| Mr. Clarence Schbauer III (correctly named, Clarence Scharbauer, III), Chairman of the Board of Trustees, Defendant | Rory Divin<br>See above for additional information. |

| | |
|---|---|
| Robert Ginsburg, Attorney for Texas Christian University, Defendant | Rory Divin. See above for additional information. |
| Law Firm of McDonald Sanders (correctly named McDonald Sanders, PC), Defendant | Rory Divin See above for additional information. |
| Texas Christian University, Defendant | Rory Divin See above for additional information. |
| Board of Trustees, Texas Christian University (correctly named, Texas Christian University), Defendant | Rory Divin See above for additional information. |

3. **Jury Demand:**

Was a Jury Demand made in State Court? ☒ Yes ☐ No

If "*Yes*," by which party and on what date?

James Boswell, Plaintiff — Party

February 11, 2013 — Date

4. **Answer:**

Was an Answer made in State Court? ☒ Yes ☐ No

If "*Yes*," by which party and on what date?

All named Defendants

March 8, 2013

5. **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| Party | Reason(s) for No Service |
|---|---|
| None. | |

6. **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

| **Party** | **Reason** |
|---|---|
| None. | |

7. **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| **Party** | **Claim(s)** |
|---|---|
| James Boswell, Plaintiff | Boswell's pleadings mention the: (i) Age Discrimination in Employment Act Chapter 21 of the Texas Labor Code; (ii) Title VII, Civil Rights Act of 1964; (iii) Whistleblower Protection Enhancement Act of 2012; (iv) American Recovery and Reinvestment Act of 2009; (v) Federal Arbitration Act; (vi) Constitution of the United States of America; (vii) 10 U.S.C.A. § 1034; (viii) Section 52.031 of the Texas Labor Code; (ix) Sections 103.001 – 103.005 of the Texas Labor Code; (x) Texas Disciplinary Rule of Professional Conduct, Rule 4.04; (xi) Texas Penal Code 32.45; (xii) Constitution of the State of Texas; (xiii) Fraud; (xiv) Gross Negligence; (xv) Section 573.002 of the Texas Government Code; (xvi) (xvii) Section 124.001 of the Texas Civil Practice and Remedies Code; (xviii) Invasion of Privacy; (xix) Texas Whistleblower Act; (xx) Texas Arbitration Act; (xxi) "Blacklisting;" and (xxii) Tortious interference with a contract. |